IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ANN FOWLER,

          Plaintiff,

      v.

CALIFORNIA HIGHWAY PATROL, et al.,

          Defendants.

NO. C13-1026 TEH

ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO FILE UNDER SEAL

        This matter comes before the Court on Defendants' motion to file under seal Exhibit A to the Declaration of Micah C.E. Osgood filed in support of Defendant Lieutenant Baarts's Motion to Dismiss. This exhibit is a video recording of a pursuit, stop, and DUI investigation of third-party Fritz Henshaw. In support of their motion to seal, Defendants have identified reasons why some police recordings might be sealable, but they have not identified any content in this particular video that is subject to sealing. In addition, Plaintiff's counsel states that he was given a copy of the recording without being asked to sign a non-disclosure agreement, Farrington Decl. ¶ 4, and Defendants have produced no such agreement. It therefore appears that Plaintiff's counsel is under no obligation to keep the recording confidential. Moreover, Defendants appear to recognize that at least some contents of the video are not sealable; in their publicly filed motion to dismiss, they describe, with specific time citations to the video, some of the events depicted in the allegedly confidential recording. In light of all of the above, Defendants have failed to meet their burden of establishing that the recording is sealable, and the motion is DENIED.

        However, out of an abundance of caution, the Court will provide Defendants with an opportunity to identify specific information that makes portions of this particular recording sealable. If they wish to attempt to make that showing, they shall file supplemental briefing

on or before **July 22, 2013**, indicating which portions of the video they contend must be sealed. Plaintiff may file a response on or before **July 26, 2013**. If one of the bases of Plaintiff's opposition is that Mr. Henshaw "is willing to provide a declaration in support of making this video available to the public, stating that he is not concerned about any of the privacy issues that Defendants have raised in their motion," Farrington Decl. ¶ 3, Plaintiff must actually provide a declaration from Mr. Henshaw instead of relying on hearsay.

If Defendants no longer contend that any information in this recording is sealable, they shall file the unredacted version of the Osgood declaration on or before **July 22, 2013**.

**IT IS SO ORDERED.**

Dated: 07/15/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2