IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ANN FOWLER,

        Plaintiff,

    v.

CALIFORNIA HIGHWAY PATROL, et al.,

        Defendants.

NO. C13-1026 TEH

ORDER GRANTING DEFENDANT BAARTS'S MOTION TO DISMISS

This matter comes before the Court on Defendant Lieutenant Greg Baarts's motion to dismiss. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the hearing scheduled for August 19, 2013. For the reasons discussed below, Baarts's motion is GRANTED without prejudice.

**BACKGROUND**

This action concerns the October 20, 2011 arrest of Plaintiff Kathleen Fowler by Defendant California Highway Patrol Officer Dan Frederick. Fowler alleges that Frederick subjected her to unlawful arrest and used excessive force in violation of the Fourth Amendment and the Bane Act, Cal. Civ. Code § 52.1. Her first amended complaint ("FAC") also asserts causes of action for battery and negligence.

Fowler's allegations against Baarts state, in their entirety:

> Defendant LT. COMMANDER GREG BAARTS, (hereinafter "BAARTS") is a Commander for the CHP at the Lake County Division, located on Live Oak Drive, Kelseyville[,] California. BAARTS failed to provide adequate training, supervision, and take the appropriate disciplinary actions to address Officer Dan Frederick's misconduct. The Plaintiff is informed and believes that BAARTS had actual and constructive knowledge of Officer Frederick's misconduct that violated the constitutional rights of FOWLER, and that Officer Frederick had a history of problems

| | |
|---|---|
| 1 | as an officer. BAARTS told Jeff Fowler (son of FOWLER) in a phone conversation subsequent to FOWLER'S arrest that "you know Jeff there are 10 percent of the employees that cause 90 percent of the problems," inferring that Officer Frederick was one of officers who was part of the "10 percent" who has caused his agency problems. In addition, the Plaintiff is informed and believes that BAARTS personally met with Lake County District Attorney Don Anderson to review the video of the arrest, and even after his review of the arrest with DA Don Anderson, BAARTS held his ground in support of Officer Frederick's misconduct, and encouraged DA Anderson to move forward with the prosecution of FOWLER. BAARTS had actual knowledge that a subordinate was engaged in an act that caused constitutional injury to a citizen; his lack of response to such conduct shows a "deliberate indifference" to or tacit authorization of the misconduct; and his inaction or omission to act despite the history of Officer Frederick's mediocrity as an officer provides an "an affirmative causal link" as held in *Shaw v. Stroud*[,] 13 F.3d 791 (4th Cir. 1994). |

By not taking the appropriate disciplinary action and supporting the prosecution of FOWLER for crimes that she did not commit, BAARTS has demonstrated condonation and encouragement of his officers in the belief that they can violate the rights of people such as FOWLER with impunity, and that such conduct will not adversely affect their career opportunities for promotion. Ratification by the highest levels of authority of these specific unconstitutional acts are alleged in this Complaint. As such, under *Monell v. New York City Dept. of Social Svcs.*, 436 U.S. 658 (1978), BAARTS, and CHP bear liability for all injuries that Plaintiff has sustained as set forth herein.

FAC ¶¶ 8-9.

Baarts is named as a defendant only on Fowler's two Fourth Amendment claims under 42 U.S.C. § 1983. He now moves to dismiss both claims.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Courts may also disregard factual allegations that are controverted

2

by any of the following: exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions.[1] *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to amend unless the deficiencies "could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation marks and citation omitted).

**DISCUSSION**

Fowler does not contend that Baarts was present at the scene of the arrest or otherwise had any direct interactions with her; her claims against Baarts rest on allegations of supervisory liability. However, while Fowler alleges that Baarts was a commander at the Lake County Division of the California Highway Patrol, nowhere does she allege that Baarts had any supervisory responsibility over Frederick, including, for example, that Baarts was responsible for Frederick's training or had the authority to impose discipline on Frederick. This deficiency alone renders the claims against Baarts subject to dismissal.

---

[1] Although Fowler does not challenge the authenticity of the MVARS video submitted by Baarts, the video is not a document on which the complaint necessarily relies; the Court therefore does not consider it in ruling on this motion to dismiss. Likewise, the Court does not consider the extrinsic evidence submitted by Fowler with her opposition.

3

1    However, assuming that Fowler could allege Baarts's supervisory responsibility over
2    Frederick, Baarts could be liable "if there exists either (1) his . . . personal involvement in the
3    constitutional deprivation, or (2) a sufficient causal connection between [his] wrongful
4    conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)
5    (quotation marks and citation omitted).

> The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

11  *Id.* at 1207-08 (quotation marks, alterations, and citations omitted). A complaint's
12  allegations "may not simply recite the elements of a cause of action, but must contain
13  sufficient allegations of underlying facts to give fair notice and to enable the opposing party
14  to defend itself effectively." *Id.* at 1216. In addition, "the factual allegations that are taken
15  as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the
16  opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

17    The allegations in the FAC fail to satisfy these standards. The allegations that Baarts
18  "failed to provide adequate training, supervision, and take the appropriate disciplinary
19  actions to address Officer Dan Frederick's misconduct," and that Baarts "had actual and
20  constructive knowledge of Officer Frederick's misconduct that violated the constitutional
21  rights of FOWLER, and that Officer Frederick had a history of problems as an officer," FAC
22  ¶ 8, are the sort of "bald," "conclusory" allegations found insufficient by the Supreme Court
23  in *Iqbal*, 556 U.S. at 680-81 (rejecting as conclusory a plaintiff's allegations that defendants
24  "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh
25  conditions of confinement "as a matter of policy, solely on account of [his] religion, race,
26  and/or national origin and for no legitimate penological interest").

27    Likewise, the allegation that Baarts said that "there are 10 percent of the employees
28  that cause 90 percent of the problems," FAC ¶ 8, indicates neither that Baarts considered

4

1 Frederick to be part of the "10 percent of the employees" nor that, if he did, the "problems"
2 had anything to do with the sort of factual allegations giving rise to this complaint. An
3 officer could be a "problem" officer for any number of reasons, and this allegation does not
4 address whether Baarts was aware of prior incidents in which Frederick allegedly used
5 excessive force or made unlawful arrests. *See Mueller v. Auker*, 700 F.3d 1180, 1194 (9th
6 Cir. 2012) (holding that, to establish a claim for failure to train, a plaintiff must show
7 "evidence of prior incidents of the same character that would have made [defendants] aware
8 of the situation such that [defendants] could reasonably be said to have been deliberately
9 indifferent to the need for further training" (quotation marks and citation omitted)). In *Starr*,
10 for instance, the Ninth Circuit found the complaint sufficient because it "specifically
11 allege[d] numerous incidents in which inmates in Los Angeles County jails have been killed
12 or injured because of the culpable actions of the subordinates of Sheriff Baca"; "specifically
13 allege[d] that Sheriff Baca was given notice of all of these incidents"; "specifically allege[d],
14 in addition, that Sheriff Baca was given notice, in several reports, of systematic problems in
15 the county jails under his supervision that have resulted in these deaths and injuries"; and
16 "allege[d] that Sheriff Baca did not take action to protect inmates under his care despite the
17 dangers, created by the actions of his subordinates, of which he had been made aware." 652
18 F.3d at 1216; *see also Shaw*, 13 F.3d at 800 (finding sufficient evidence, in a case cited by
19 Fowler in her complaint, to support summary judgment against the defendant sergeant where
20 the sergeant "had knowledge of at least three incidents in which [his subordinate officer]
21 used excessive force which posed an unreasonable risk of harm to arrestees"). These sorts of
22 allegations are wholly absent from the FAC.
23 Fowler's claims against Baarts are also deficient because they lack the requisite
24 causation. Fowler alleges that Baarts's "inaction or omission to act despite the history of
25 Officer Frederick's mediocrity as an officer" provides the necessary causation, FAC ¶ 8, but
26 this allegation says nothing about Baarts's knowledge of Frederick's history as an officer.
27 More importantly, Fowler has cited no authority to support the proposition that an officer's
28 history of "mediocrity" would put the officer's supervisor on notice that failure to act would

5

result in constitutional injury. In addition, it is not possible for failure to discipline an officer *after* a single incident to cause any constitutional injury that occurred *during* the incident. *Cf. Herrera v. Hall*, No. 1:08-cv-01882-LJO-SKO PC, 2010 WL 2791586, at *4 (E.D. Cal. July 14, 2010) (drawing a distinction between a "completed constitutional violation that occurs in the past" and an "ongoing constitutional violation" that the defendant had "the authority and opportunity to prevent"). Fowler's reliance on *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), is unpersuasive, as that case is materially distinguishable. Baarts is a lieutenant and not the head of the department, and there is no allegation that Baarts had the authority to "establish[] new procedures for averting the reoccurrence of similar excesses in the future," nor does Fowler allege a history of lack of discipline in similar cases. *Id.* at 635-36, 646.

## CONCLUSION

For all of the above reasons, Defendant Baarts's motion to dismiss the claims asserted against him is GRANTED. Dismissal is without prejudice because it is not clear that Fowler could not cure the deficiencies in the FAC if given leave to amend. Fowler's amended complaint, if any, shall be filed on or before **August 19, 2013**. Failure to file a timely amended complaint shall result in dismissal with prejudice of the claims against Baarts. The Court reminds Fowler's counsel to be mindful of Rule 11 of the Federal Rules of Civil Procedure as he determines whether to file an amended complaint.

**IT IS SO ORDERED.**

Dated: 07/29/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

6