UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHLEEN ANN FOWLER,

    Plaintiff,

  v.

CALIFORNIA HIGHWAY PATROL, et al.,

    Defendants.

Case No. 13-cv-01026-TEH

**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter came before the Court on March 31, 2014, on Defendants' motion for partial summary judgment. Based on the written briefs and arguments raised at the hearing, the Court hereby ORDERS supplemental briefing on the following issues:

First, Defendants argued in their reply brief, for the first time, that Officer Frederick had an independent legal basis to order Plaintiff to stay in the vehicle because California Vehicle Code section 21960 prohibited her from walking on the highway. *See* Reply at 4-5. While Defendants argued in the initial motion that dangerous conditions existed on the roadway, the Court need not consider the argument that section 21960 provided an independent legal basis for Officer Frederick's order because it was raised for the first time in the reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). However, the Court will allow Plaintiff an opportunity to respond to this argument in supplemental briefing.

Second, Plaintiff's counsel, at the hearing, orally sought leave to amend the complaint to add a claim that Plaintiff's arrest violated the Americans with Disabilities Act in light of the Ninth Circuit's recent decision in *Sheehan v. City and County of San Francisco*, 743 F.3d 1211 (9th Cir. 2014), which held that Title II of the ADA applies to arrests. As argued by Defendants' counsel at the hearing, it appears that Officer Frederick would be entitled to qualified immunity on such a claim. In *Sheehan*, the court noted that

the Ninth Circuit had not previously addressed whether the ADA applies to arrests, and the question was a matter of some disagreement among other circuits.  Moreover, the *Sheehan* case itself was not published until February 21, 2014, thus providing further support that such a right was not clearly established in October 2011 when the alleged violation occurred.  In addition to the likely futility of amendment, with trial set to begin on May 20, 2014, the Court has concerns about the delay and prejudice that such an amendment on the eve of trial would bring.  Out of an abundance of caution, however, the Court will allow Plaintiff to brief why good cause exists to allow amendment of the complaint to add an ADA claim for her arrest.

Accordingly, IT IS HEREBY ORDERED THAT:

1) No later than **April 10, 2014**, Plaintiff shall file a supplemental brief responding to Defendants' argument that California Vehicle Code section 21960 provides an independent legal basis for ordering Plaintiff to remain in the vehicle, and, to the extent Plaintiff seeks to amend the complaint to add an ADA claim, Plaintiff shall address the Court's concerns that such an amendment would be futile, and would cause undue delay and prejudice Defendants at this late procedural stage.  This supplemental briefing shall not exceed eight pages in length.

2) Any reply by Defendants shall be filed no later than **April 17, 2014**, and shall not exceed five pages in length.

**IT IS SO ORDERED.**

Dated:   04/03/14                                          _____
                                                                       THELTON E. HENDERSON
                                                                       United States District Judge